UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA BOWMAN,
    Plaintiff,

-vs.-                                              Court No. 2:12-cv-13183-DML-RSW
                                                  Hon. David M. Lawson
                                                  Magistrate: R. Steven Whalen

DYNAMIC RECOVERY SOLUTIONS, LLC,
    Defendant.
_____

### PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT

Plaintiff moves this court for entry of Judgment Pursuant to the Clerk's Entry of Default as follows:

1. On July 19, 2012, the Plaintiff filed a lawsuit against the Defendant for violation of the Fair Debt Collection Practices Act at 15 U.S.C. 1692 *et seq.* ("FDCPA"). The complaint also contains claims for violation of the Michigan Occupational Code at MCL 339.901 *et seq.* (Docket # 1).

2. On August 2, 2012, the Plaintiff served the Defendant with the Complaint and filed his proof of service. (Docket #3).

3. Defendant's answer to the complaint was due on August 23, 2012.

4. To date, the Defendant has failed to plead or otherwise defend against this action.

5. On August 24, 2012, the Plaintiff applied for a default against the Defendant (Docket #4) and was granted the default (Docket #5).

6. The Plaintiff now moves this Honorable Court for judgment on her claim or a hearing on damages, costs and attorneys fees so that the Court may award her a judgment, since the Plaintiff has not pled a claim for a sum certain in her complaint.

7. Plaintiff claims statutory damages of $1,000 pursuant to 15 U.S.C. 1692k(a)(2).

8. Plaintiff is also entitled to treble statutory damages of $150.00 for Defendant's willful violation of the Michigan Occupational Code pursuant to M.C.L. § 339.916.

9. Plaintiff is also entitled to an award of cost and attorneys' fees pursuant to 15 U.S.C. 1692k(3), to be determined at some future date pursuant to Fed. R. Civ. P. 54(d)(2).

**WHEREFORE, PLAINTIFFS PRAY THAT** this court grant her a judgment in the amount of $1,150.00, plus costs of the action together with attorneys' fees to be determined at a subsequent proceeding pursuant to Fed. R. Civ. P. 54(d)(2).

Respectfully submitted,

August 28, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

### PROOF OF SERVICE

I, Brandy Moore, hereby state that on 8/29/2012, I served a copy of the within pleading upon the Defendant via first class mail with postage fully prepaid thereon;

Brandy Moore

2

# TABLE OF CONTENTS

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT .................................................................................. 1

    Proof of Service ............................................................................................ 2

    Table of Contents ......................................................................................... 3

    Index of Authorities ..................................................................................... 4

    Questions Presented: .................................................................................... 5

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT ....................................... 6

    Facts ............................................................................................................. 6

        GENERAL ALLEGATIONS ................................................................ 6

    The Allegations in the Complaint are now all established Facts ................. 7

    Plaintiff should be granted a judgment for statutory damages plus costs and attorneys' fees ............................................................................................. 8

    Plaintiff is entitled to treble damages on Count II of her complaint for the Defendant's willful violation of the Michigan Occupational Code at MCL 339.901(b). .................... 9

    Conclusion ................................................................................................. 10

## INDEX OF AUTHORITIES

**Cases**
*Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978) .................................................................. 8
*Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ............... 8

**Statutes**
15 U.S.C. 1692 et seq. .................................................................................................................. 7
15 U.S.C. 1692k(a)(2) .................................................................................................................. 9
MCL 339.901(b) ......................................................................................................................... 10

**Rules**
Fed.R.Civ.P 54(d)(2); ................................................................................................................. 11

## QUESTIONS PRESENTED

Whether Plaintiff is entitled to damages of $1,000 for violation of the Fair Debt Collection Practices Act.

    **Plaintiff responds**:        "Yes."

    **Defendant responds**:      Unknown as it has defaulted in this case.

Whether Plaintiff is entitled to damages of $150.00 for violation of the Michigan Occupational Code.

    **Plaintiff responds**:        "Yes."

    **Defendant responds**:      Unknown as it has defaulted in this case.

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT

I. **FACTS**

On July 19, 2012, the Plaintiff filed a lawsuit against the Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, and Michigan Occupational Code, M.C.L. § 339.901, *et seq.* In her complaint, the Plaintiff made the following allegations:

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff in regard to a Household Bank debt.

7. Plaintiff last made a payment on this alleged debt sometime in 2006.

8. On or about June 13, 2012 at 9:14 a.m., Plaintiff received a voicemail from Defendant. In this voicemail, Defendant did not identify its company name, nor did it say that they were a debt collector. In that message, the Defendant states: "Hi, this is Ms. Garcia. We have this as a contact number regarding a matter in my office. If you will please contact this office as soon as possible. This is *extremely important*. Our number here is 888-362-2684. Again, our number here is 888-362-2684. It is *very* important that we receive a return call as soon as possible. I really appreciate your cooperation."

9. Plaintiff was extremely worried when she received this message. Plaintiff's son, who is 21 years old, has a brain cyst and he is currently being monitored every 6 months regarding this issue. Also, last winter, Plaintiff's son had to have emergency surgery for another health issue. The only time that Plaintiff seems to hear from him is when there is an emergency. When Plaintiff heard this message from Defendant, she thought her son was in trouble, hurt or even worse. She panicked.

10. Plaintiff frantically called Defendant right back at 9:18 a.m. Plaintiff spoke with a representative named Morris who attempted to collect on this alleged debt.

11. In her conversation with Morris, Plaintiff became upset. Plaintiff said to Morris, "The message said that this was urgent." Morris responded with, "It is urgent to immediately resolve a financial debt and pay me right now." At one point, Morris said to Plaintiff, "You are one of those people that just incur debt and will not pay."

12. During this conversation, Plaintiff demanded validation of the alleged debt.

13. Morris told Plaintiff "Fine, you don't want to resolve this. I will send this to litigation."

14. Plaintiff asked Morris for verification of the alleged debt more than once. At one point, Morris said, "We have already done that."

15. Plaintiff asked to be transferred to a supervisor and Morris said, "I don't have to do anything. I am the supervisor."

16. On or about June 13, 2012, Defendant sent Plaintiff a letter attempting to collect on this alleged debt. In this letter, Defendant gave Plaintiff a settlement offer of $984.40, however, the letter does not say the actual amount of the debt, which is a violation of 15 U.S.C. 1692g(a)(1).

17. On or about June 14, 2012 at 9:18 a.m., Morris called Plaintiff in an attempt to collect on the alleged debt.

18. On or about June 14, 2012 at 9:38 a.m., Plaintiff emailed Defendant's representative, Amanda stating that she received Defendant's letter and she was exercising her right to dispute the validity of the debt.

19. On or about June 15, 2012 at 8:56 a.m., Plaintiff tried to contact Morris to follow up with him to provide a status regarding the validation email that Plaintiff sent previously. The operator who answered the phone was unable to reach Mr. Morris and Plaintiff was given a phone number to Morris' supervisor, Alex. Plaintiff confirmed with the operator that Morris was in fact not a supervisor with the company, which is contrary to what he told Plaintiff previously.

(Docket #1).

On August 2, 2012, the Plaintiff served the Defendant with the Complaint and filed a proof of service (Docket #3). Defendant's answer to the complaint was due August 23, 2012. To date, the Defendant has failed to plead and/or otherwise defend against this action.

## II. THE ALLEGATIONS IN THE COMPLAINT ARE NOW ALL ESTABLISHED FACTS

On August 24, 2012, the Plaintiff applied for a default against the Defendant (Docket #4) and was granted the default (Docket #5). All of the allegations in the Complaint are now established facts since a default has been entered against the Defendant.

When determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) citing *Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978). In the case before this court, the Plaintiff's allegations are now all established facts in this case, entitling her to a judgment for the Defendant's violation of the Fair Debt Collection Practices Act and the Michigan Occupational Code.

### III. PLAINTIFF SHOULD BE GRANTED A JUDGMENT FOR STATUTORY DAMAGES PLUS COSTS AND ATTORNEYS' FEES

The Plaintiff has not pled a claim for a sum certain in her complaint and hence, moves this court for judgment on her claim or a hearing on damages, so that the court may award her a judgment.

Plaintiff is entitled statutory damages of up to $1,000 on Count I of her complaint for violation of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. 1692k(a)(2). This statute states in part:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> (B) in the case of a class action,
>
> > (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
> >
> > (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—

    (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

    (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

In this case, the court should award the full $1,000 in statutory damages to the Plaintiff. The Defendant had failed and/or refused to defend itself in this case and all of the material allegations have now been admitted. The Defendant's actions were not the product of any inadvertence, but rather of repeated failures to accord its actions in compliance with the Fair Debt Collection Practices Act. The Defendant's actions were egregious.

Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. 1692k(3), and will file a motion for attorney's fees and costs at a later date pursuant to Fed. R. Civ. P. 54(d)(2).

### IV. PLAINTIFF IS ENTITLED TO TREBLE DAMAGES ON COUNT II OF HER COMPLAINT FOR THE DEFENDANT'S WILLFUL VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE AT MCL 339.901(B).

Count II of the Plaintiff's complaint alleges that the Defendant violated her rights under the Michigan Occupational Code at MCL 339.901(b). Plaintiff is entitled to treble damages under that statute at MCL 339.916 as follows:

> (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief.
>
> (2) If the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. **If the court finds that the method, act, or practice was a willful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action.**

(emphasis added).

In the case before this court, the Defendant's default has established its willful violation of this statute, entitling the Plaintiff to treble damages. The Plaintiff is entitled to damages of $50.00 which, when trebled, entitle the Plaintiff to damages of $150.00 under Count II of her complaint.

## V.     CONCLUSION

Now that a default has been entered against the Defendant, all of allegations of the complaint are now established facts in this case. The Defendant has violated both the federal and state debt collection practices statutes. Plaintiff is entitled to damages of $1,000.00 plus costs and attorneys' fees on Count I of her complaint. She is equally entitled to treble damages of $150.00 under Count II of his Complaint for the Defendant's willful violation of the Michigan Occupational Code.

**WHEREFORE, PLAINTIFFS PRAY THAT** this Honorable Court grant her a judgment in the amount of $1,150.00, plus costs of the action and attorneys' fees to be determined at a subsequent proceeding pursuant to Fed. R. Civ. P. 54(d)(2).

                         Respectfully submitted,

August 28, 2012

                        /s/ Gary Nitzkin
                        GARY D. NITZKIN  P41155
                        NITZKIN & ASSOCIATES
                        Attorneys for Plaintiff
                        22142 West Nine Mile Road
                        Southfield, MI 48033
                        (248) 353-2882
                        Fax (248) 353-4840
                        Email – gnitzkin@creditor-law.com